IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLARD B. SIMMONS, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) **Civil Action No. 23-00412-KD-MU** |
| | ) |
| **INFIRMARY HEALTH SYSTEM, INC.,** | ) |
| **TREVOR POPKIN, in his official capacity** | ) |
| **as Chief of the Regulatory Division, Mobile** | ) |
| **District of the United States Army Corps** | ) |
| **of Engineers, and U.S. ARMY CORPS OF** | ) |
| **ENGINEERS,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>ORDER</u>

This action is before the Court on the Motion for Preliminary Injunction filed by Plaintiff

Willard B. Simmons, Jr. (doc. 2).  Simmons seeks a preliminary injunction to enjoin Defendant

Infirmary Health Systems, Inc. from discharging fill material into Malbis Lake.  A district court

may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood

of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3)

the threatened injury to the movant outweighs whatever damage the proposed injunction may

cause the opposing party; and (4) if issued, the injunction would not be adverse to the public

interest." <u>FF Cosmetics FL, Inc. v. City of Miami Beach</u>, 866 F.3d 1290, 1298 (11th Cir.

2017) (quoting <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)); <u>McDonald's</u>

<u>Corporation v. Robertson,</u> 147 F. 3d 1301, 1307 (11th Cir. 1998) (same). "A preliminary

injunction is an 'extraordinary and drastic remedy' and should not be granted unless 'the movant

clearly establish[s] the "burden of persuasion" as to each of the four prerequisites.'" FF Cosmetics FL, Inc., 866 F.3d at 1298 (quoting McDonald's Corp., 147 F.3d at 1306).

Simmons has failed to brief why he is likely to succeed on the merits, rather he directs the Court to his Complaint. Further, he addressed the remaining elements with one sentence (doc. 2, p. 2, ¶ 6, 7, 8). Accordingly, **Simmons** shall, on or before **November 22, 2023**, file an **Amended Motion for Preliminary Injunction** with full briefing on each element, including citation to caselaw and authority for his argument that he is likely to succeed on the merits and an explanation of the facts he will present to show irreparable harm.

**Defendants shall respond on or before December 6, 2023**.  The **Motion** is set for **hearing on December 13, 2023, at 2:00 p.m**., in Courtroom 4B, United States Courthouse, 155 St. Joseph St., Mobile, Alabama 36602.

The Clerk is directed to mail a copy of this Order, by certified mail and first-class mail, to

INFIRMARY HEALTH SYSTEMS, INC.
D.M. Nix, Registered Agent
5 Mobile Infirmary Circle
Mobile, Alabama 36607

TREVOR POPKIN
Chief of the Regulatory Division,
Mobile District of the United States Army
Corps of Engineers
109 St. Joseph Street
Mobile, Alabama 36602

U.S. ARMY CORPS OF ENGINEERS
441 G Street NW
Washington, DC 20310-0101

Sean P. Costello
U.S. Attorney for the Southern District of Alabama
63 S. Royal Street, Suite 600
Mobile, Alabama 36602

Merrick B. Garland, U.S. Attorney General
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

**DONE** and **ORDERED** this 9th day of November 2023.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**