# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLARD B. SIMMONS, JR.,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>)<br>)<br>**INFIRMARY HEALTH SYSTEM, INC.,** )<br>**TREVOR POPKIN, in his official capacity** )<br>**as Chief of the Regulatory Division, Mobile** )<br>**District of the United States Army Corps** )<br>**of Engineers, and U.S. ARMY CORPS OF** )<br>**ENGINEERS,** )<br>)<br>**Defendants.** ) | **Civil Action No. 23-00412-KD-MU** |

## ORDER

This action is before the Court on Plaintiff Willard B. Simmons, Jr.'s Motion to Dismiss pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (doc. 41). Simmons "moves to dismiss this action against all Defendants" (doc. 41, p. 1). As grounds, Simmons states that he will pursue an administrative appeal of the U.S. Army Corps of Engineer's Approved Jurisdictional Determination regarding Malbis Lake.

Defendant Infirmary Health System, Inc. requests that the Court either deny Simmons' motion or grant the motion, and dismiss this action with prejudice, after awarding Infirmary its attorney's fees and expenses (doc. 42).[1] Defendants Trevor Popkin and the U.S. Army Corps of Engineers do not oppose dismissal without prejudice (doc. 45).

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" and that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Id. "The basic purpose of Rule 41(a) (2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." Versa Products, Inc. v. Home Depot, USA,

Inc., 387 F.3d 1325, 1327 (11th Cir. 2004) (citation omitted). "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Id. at 1256 (citation and internal quotation marks omitted). "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." Id. at 1255. "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986) (emphasis omitted).

The Court has considered the Defendants' positions regarding dismissal and finds that neither Defendant has argued that it would lose any substantial right or suffer clear legal prejudice by a dismissal without prejudice. The Federal Defendants do not oppose a dismissal without prejudice and do not ask the Court for any conditions on dismissal. Infirmary argues only that Simmons was "facing defeat" and moved to dismiss to avoid an award of attorney's fees. Infirmary does not set forth how it would lose any substantial right or suffer clear legal prejudice should this action be dismissed without prejudice.

Moreover, by separate order, the Court has granted Infirmary's motion to dismiss. Thus, it has been dismissed from this action.

Accordingly, Simmons' motion is GRANTED, and this action is dismissed without prejudice.

**DONE** and **ORDERED** this 8th day of March 2024.

                                                     **s / Kristi K. DuBose**
                                                   **KRISTI K. DuBOSE**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[1] The Court previously denied the request for attorney's fees (See Doc. 46).